**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KWIKSET CORPORATION and<br>NEWFREY LLC, | )<br>)<br>) |
| Plaintiffs, | )  C.A. No. 08-170-SLR<br>) |
| v. | )  **JURY TRIAL DEMANDED**<br>) |
| MASTER LOCK COMPANY LLC, | )<br>) |
| Defendant. | ) |

**MASTER LOCK COMPANY LLC'S ANSWER, DEFENSES
AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Defendant Master Lock Company LLC ("Master Lock") answers and counterclaims are as follows to Plaintiffs Kwikset Corporation ("Kwikset") and Newfrey LLC ("Newfrey") as follows:

1. Master Lock admits that the Complaint purports to state a claim for patent infringement. Master Lock denies the remaining allegations contained in Paragraph 1.

2. Master Lock lacks information sufficient to admit or deny the allegations of Paragraph 2 and, therefore, denies the same.

3. Master Lock lacks information sufficient to admit or deny the allegations of Paragraph 3 and, therefore, denies the same.

4. Master Lock admits that it is a Delaware LLC with the principal place of business in Oak Creek, Wisconsin. Master Lock admits that Corporation Service Company is the agent for service of process. Master Lock admits that it sells lock products throughout the United States. Master Lock denies the remaining allegation contained in Paragraph 4.

5. Master Lock lacks information sufficient to admit or deny the allegations of Paragraph 5 and, therefore, denies the same.

6. Master Lock lacks information sufficient to admit or deny the allegations of Paragraph 6 and, therefore, denies the same.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Master Lock denies the allegations contained in Paragraph 7.

8. Master Lock does not contest jurisdiction. Master Lock denies the remaining allegations contained in Paragraph 8.

9. Master Lock does not contest venue. Master Lock denies the remaining allegations contained in Paragraph 9.

10. Master Lock denies the allegations contained in Paragraph 10.

11. Master Lock denies the allegations contained in Paragraph 11.

12. Master Lock denies the allegations contained in Paragraph 12.

13. Master Lock denies the allegations contained in Paragraph 13.

## DEFENSES

AS AND FOR DEFENSES in this action Master Lock alleges and shows the Court as follows:

14. Upon information and belief, the patent-in-suit, United States Patent No. 6,973,813 B2 ("the '813 patent") is invalid for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§100, et seq., including, without limitation, 35 U.S.C. §§ 102 and 103, and for failing to meet the requirements of 35 U.S.C. § 112.

15. Master Lock has not willfully or otherwise infringed, induced infringement of, or contributorily infringed any valid claim of the '813 patent.

16. Plaintiffs' claims are barred in whole or in part by the doctrines of laches, estoppel, waiver and unclean hands.

17.  Master Lock does not make, use, sell, or offer to sell any product that infringes any claim of the patent-in-suit.

**WHEREFORE**, Master Lock requests that Plaintiffs' Complaint be dismissed with prejudice on its merits and that Master Lock be awarded its costs, including reasonable attorneys' fees, in this action.

## COUNTERCLAIM

AS AND FOR ITS COUNTERCLAIM against Kwikset Corporation ("Kwikset") and Newfrey LLC ("Newfrey"), Master Lock Company LLC ("Master Lock") alleges as follows:

1.  Master Lock is a Wisconsin corporation having a principal place of business at 137 W. Forest Hill Avenue, Oak Creek, Wisconsin.

2.  Upon information and belief and as stated in its Complaint, Kwikset is a Delaware corporation with headquarters in Lake Forest, California.

3.  Upon information and belief and as stated in its Complaint, Newfrey is a Delaware limited liability company with its principal place of business in Newark, Delaware.

4.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5.  Venue in this district is proper under 28 U.S.C. § 1391.

6.  Upon information and belief, Plaintiffs claims to be the owner of United States Patent No. 6,973,813 B2 ("the '813 patent").

### Declaration of Invalidity of the '813 Patent

7.  An actual and justiciable controversy has arisen and now exists between Master Lock and Kwikset and Newfrey concerning whether the '813 patent is valid. By its Complaint, Kwikset and Newfrey have asserted that the '813 patent is valid and has asserted a purported claim alleging infringement of the '813 patent by Master Lock.

8. Master Lock has denied Kwikset and Newfrey's claim of infringement and has asserted that the '813 patent is invalid for failure to meet the conditions of patentability set forth in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

9. Absent a declaration the '813 patent is invalid, Plaintiffs will continue to wrongfully assert the '813 patent against Master Lock in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Master Lock irreparable injury and damage.

10. Because the above activities and actions have created an actual and justiciable controversy, Master Lock seeks a declaration the '813 patent is invalid.

**WHEREFORE**, Master Lock requests that the Court grant judgment for Master Lock as follows:

A. A declaration that each claim of United States Patent No. 6,973,813 B2 is invalid;

B. A dismissal of Plaintiffs' Complaint with prejudice;

C. A determination that this case is exceptional and that Master Lock be granted all relief entitled to it as a matter of law, including its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

D. Any further and additional relief this Court deems just and proper.

## JURY DEMAND

Master Lock requests trial by jury of all matters so triable.

|  | POTTER ANDERSON & CORROON LLP |
|---|---|
| OF COUNSEL: | By: /s/ Richard L. Horwitz |
|  | Richard L. Horwitz (#2246) |
| Jonathan H. Margolies | David E. Moore (#3983) |
| Katherine W. Schill | Hercules Plaza 6th Floor |
| MICHAEL BEST & FRIEDRICH LLP | 1313 N. Market Street |
| 100 East Wisconsin Ave., Suite 3300 | P.O. Box 951 |
| Milwaukee, WI 53202-4108 | Wilmington, DE 19899 |
| Tel: (414) 271-6560 | Tel: (302) 984-6000 |
|  | rhorwitz@potteranderson.com |
|  | dmoore@potteranderson.com |
| Dated: April 11, 2008 | *Attorneys for Defendant* |
| 859607 / 32966 | *Master Lock Company LLC* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 11, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 11, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas C. Grimm
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com

Raymond P. Niro
Dean D. Niro
Patrick F. Solon
David J. Mahalek
Tahiti Arsulowicz
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
rniro@nshn.com
dniro@nshn.com
solon@nshn.com
mahalek@nshn.com
arsulowicz@nshn.com

By: /s/ Richard L. Horwitz
　　Richard L. Horwitz
　　David E. Moore
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, Delaware 19899-0951
　　(302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

859802 / 32966