IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KWIKSET CORPORATION and NEWFREY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MASTER LOCK COMPANY LLC, | ) ) |
| Defendant. | ) ) |

C.A. No. 08-170 (SLR)

DEMAND FOR JURY TRIAL

**PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs, Kwikset Corporation ("Kwikset") and Newfrey LLC ("Newfrey") (collectively, "Plaintiffs" or "Kwikset") reply to defendant, Master Lock Company LLC's ("Master Lock") counterclaims as follows:

1. Master Lock is a Wisconsin corporation having a principal place of business at 137 W. Forest Hill Avenue, Oak Creek, Wisconsin.

**Response**:

Admitted.

2. Upon information and belief and as stated in its Complaint, Kwikset is a Delaware corporation with headquarters in Lake Forest, California.

**Response**:

Admitted.

3. Upon information and belief and as stated in its Complaint, Newfrey is a Delaware limited liability company with its principal place of business in Newark, Delaware.

**Response**:

Admitted.

    4.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

**Response:**

  Admitted.

    5.  Venue in this district is proper under 28 U.S.C. § 1391.

**Response:**

  Admitted.

    6.  Upon information and belief, Plaintiffs claim to be the owner of United States Patent No. 6,973,813 B2 ("the '813 patent').

**Response:**

  Admitted that Newfrey is the owner of title to United States Patent No. 6,973,813 B2 ("the '813 patent") and Kwikset is the sole licensee of the '813 patent; otherwise denied.

### Declaration of Invalidity of the '813 Patent

    7.  An actual and justiciable controversy has arisen and now exists between Master Lock and Kwikset and Newfrey concerning whether the '813 patent is valid. By its Complaint, Kwikset and Newfrey have asserted that the '813 patent is valid and has asserted a purported claim alleging infringement of the '813 patent by Master Lock.

**Response:**

  Denied that there is actual and justiciable controversy between Master Lock and Kwikset and Newfrey as to invalidity of the '813 patent, admitted that the '813 patent is valid and infringed; otherwise denied.

    8.  Master Lock has denied Kwikset and Newfrey's claim of infringement and has asserted that the '813 patent is invalid for failure to meet the conditions of patentability set forth in, or requirements of, one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

**Response:**

Denied that the '813 patent is invalid under one or more provisions of 35 U.S.C. §§ 101, 102 and 112.

9. Absent a declaration the '813 patent is invalid, Plaintiffs will continue to wrongfully assert the '813 patent against Master Lock in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Master Lock irreparable injury and damage.

**Response:**

Denied.

10. Because the above activities and actions have created an actual and justiciable controversy, Master Lock seeks a declaration the '813 patent is invalid.

**Response:**

Denied.

## ADDITIONAL DEFENSES

1. Master Lock's pleading fails to state a claim upon which relief can be granted, *i.e.*, a claim for invalidity of the '813 patent.

2. Master Lock's pleading fails to state a justiciable controversy on any issue of invalidity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment in their favor on Plaintiffs' Complaint and Master Lock's Counterclaims, including declaratory judgment that the '813 patent is not invalid, an award of Plaintiffs' costs, fees and expenses as provided by law, and any other and further relief to which Plaintiffs may be entitled or the Court or a jury may award.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

                                       MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                       */s/ Thomas C. Grimm*

                                       _____
                                       Thomas C. Grimm (#1098)
                                       1201 N. Market Street
                                       P.O. Box 1347
                                       Wilmington, DE  19899-1347
*OF COUNSEL:*                          (302) 658-9200
                                       tgrimm@mnat.com
Raymond P. Niro                    *Attorneys for Plaintiffs*
Dean D. Niro
Patrick F. Solon
David J. Mahalek
Tahiti Arsulowicz
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL  60602
(312) 236-0733

April 28, 2008
2307965

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered participants.

I also certify that on April 28, 2008, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY E-MAIL**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Jonathan H. Margolies
Katherine W. Schill
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI  53202-4108

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

2307965