

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KWIKSET CORPORATION and NEWFREY LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 08-170 (SLR) |
| v. | ) ) ) | DEMAND FOR JURY TRIAL |
| MASTER LOCK COMPANY LLC, | ) ) | |
| Defendant. | ) | |

### SCHEDULING ORDER

At Wilmington this 19th day of May, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that:

**1.    Pre-Discovery Disclosures.** The parties will exchange by **May 19, 2008** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

**2.    Discovery.**

   a.   Discovery will be needed on the following subjects:

The Parties will seek discovery on the following topics: infringement, validity, damages, willfulness, and injunctive relief, and any other defenses raised in the pleadings.

   b.   All fact discovery shall be commenced in time to be completed by **January 30, 2009**.

      1.   Document production shall be completed on or before **September 30, 2008**.

      2.   Maximum of **25** interrogatories by each party to any other party.

3. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

4. Maximum of **75** requests for admission by each party to any other party.

5. In the absence of agreement among the parties or by order of the Court, no deposition (other than depositions noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

6. Maximum of **15** fact depositions by plaintiffs and **15** by defendant. This maximum may be revisited if discovery shows that the number of witnesses is greater than currently expected. Every 7 hours of deposition time for Fed. R. Civ. P. 30(b)(6) designees shall count as **1** deposition. Otherwise, the deposition of each fact witness shall be limited to a maximum of **7** hours, unless extended by agreement of parties or by Court order.

c. Expert discovery shall be commenced in time to be completed by **April 24, 2009**.

1. Expert reports on issues for which the parties have the burden of proof due **February 27, 2009**. Rebuttal expert reports due **March 27, 2009**.

2. Expert depositions to be limited to a maximum of **7** hours unless extended by agreement of the parties.

3. All *Daubert* motions shall be filed on or before **June 12, 2009**.

    d. If willfulness has been asserted and absent agreement among the parties, the defendant(s) must inform the plaintiff of the intent to rely on advice of counsel by **December 1, 2008**. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant(s) to its counsel and whatever other materials related to the issues in dispute that defendant(s) possessed at the time the advice was sought.

    e. Supplementations under Rule 26(e) due no later than 30 days prior to end of fact discovery. The parties shall not be relieved of their duty or denied the opportunity to otherwise supplement their disclosures as may be permitted or required by Fed. R. Civ. P. 26(e).

    f. **Discovery Disputes.**

      1. The Court shall conduct an in-person discovery status conference on **October 16, 2008** at 4:30 P.M., with the time for presentation of issues to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the Court.**

      2. The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

      3. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

    g. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it

3

intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

      3.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **November 15, 2008**.

      4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

      5.    **Claim Construction Issue Identification.** If the Court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms by **February 6, 2009**. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

      6.    **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **June 12, 2009**. Responsive briefing shall be served and filed on or before **July 10, 2009**. Reply briefing shall be served and filed on or before **July 24, 2009**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.

      7.    **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art

that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **March 6, 2009**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **June 12, 2009**. Simultaneous response briefs should be filed by **July 10, 2009**. Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on **September 3, 2009**, at 9:30 A.M.

8. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the Court.

    a. **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    b. No telephone calls shall be made to chambers.

    c. Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscouts.gov. The e-mail shall provide a shall short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on **November 12, 2009**, at 4:30 P.M. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a two-week or less jury trial commencing on **November 30, 2009**, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Sue L. Robinson
United States District Judge

2321841