IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KWIKSET CORPORATION and<br>NEWFREY LLC,<br><br>   Plaintiffs,<br><br>  v.<br><br>MASTER LOCK COMPANY LLC,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 08-170-SLR<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

WHEREAS, Plaintiffs Kwikset Corporation and Newfrey LLC ("Plaintiffs" or "Kwikset") and Defendant Master Lock Company LLC ("Defendant" or "Master Lock"), recognizing that certain information related to the subject matter of this action is sensitive and confidential, stipulate and agree as follows:

1. The term Confidential Information shall mean and include documents, information or other materials (collectively "materials") which are of a sensitive business nature and are designated in good faith as "Confidential" at the time of their production or disclosure in this action as set forth below:

   a. A designation of any materials as "Confidential" shall be limited to materials which a party believes in good faith constitutes, contains, embodies or reflects trade secret, proprietary or other commercially sensitive information.

   b. A designation of any materials as "Attorney's Eyes Only" shall be limited to materials which a party believes in good faith constitutes, contains, embodies or reflects critically sensitive financial, product pricing, revenues, costs, profits, margins, customer lists, currently implemented or not yet implemented marketing

plans and analyses; technical information; research and development plans and other non-public information.

2. The following persons may have access to materials designated as "Confidential:"

   a. Trial counsel of record (outside counsel) for the parties, as well as attorneys and legal assistants, clerical personnel and paralegal assistants employed by trial counsel.

   b. In-house counsel for the parties working on this action. Each party represents that the named in-house counsel is not and will not be involved in competitive-decision making on behalf of each respective party.

   c. For the sole purpose of assisting counsel in connection with this action: two designated officers, and/or employees of each party.

   d. Court personnel, stenographic reporters and litigation support vendors engaged in proceedings incident to prepare for trial;

   e. Such other persons (including experts and their staffs) as may hereafter be qualified to receive "Confidential" or "Attorney's Eyes Only" materials in this action pursuant to the provisions of Paragraph 3 of this Order.

3. The following persons may have access to materials designated as "Attorney's Eyes Only:"

   a. Trial counsel of record (outside counsel) for the parties, as well as attorneys and legal assistants, clerical personnel and paralegal assistants employed by trial counsel; and

   b. Up to two in-house counsel for the parties, working in this action whose names shall be revealed to the other party. The parties each represent that the named in-

house counsel is not and will not be involved in competitive-decision making on behalf of each respective party.

4. In addition to the persons defined in the preceding paragraph, any other person, for example, an expert witness, who is reasonably necessary to assist trial counsel of record for any party in the preparation for trial or trial of this action, may be qualified to have access to "Confidential" or "Attorney's Eyes Only" materials through the following procedures:

   a. Any party proposing any such person shall submit to the other party a written statement setting forth the name of such proposed person, his or her occupation, employer name, business address, that person's background and employment history, and the basis for disclosing "Confidential" or "Attorney's Eyes Only" materials to that person;

   b. Unless the other party notifies the proposing party of any objection within ten (10) business days after the submission of the written statement, such person shall thereafter be allowed to have access to "Confidential" and "Attorney's Eyes Only" materials pursuant to the terms and conditions of this Order;

   c. Should any party timely notify the proposing party of its objection to any such proposed person, which objection shall be made in good faith and on reasonable grounds, the proposing party shall refrain from any disclosure of "Confidential" or "Attorney's Eyes Only" materials to such person until the objection has been resolved between the parties or ruled upon by the Court; and

   d. No party shall use its right to object to a proposed person to interfere with the ability of the other party to reasonably prepare for trial through the use of employed or outside experts. For purposes of this Stipulated Protective Order,

objections by a party to the other party's proposed expert witness shall only be made if such expert is a) employed by a competitor of the objecting party b) employed by a supplier, customer or entity otherwise related to the other party or c) has a continuing business arrangement with the other party or its related entities beyond litigation support in this case. While these are preconditions to object to a proposed expert witness, as relates to employment by a supplier, customer or related entity, the fact that a proposed expert falls into one of these categories is not alone sufficient to sustain an objection to a proposed expert. An objection to a proposed expert as relates to employment by a supplier, customer or related entity can only be sustained if disclosure of "Confidential" or "Attorney's Eyes Only" material to the proposed expert would result in prejudice to the objecting party. This restriction shall not limit either party's ability to object to an expert based on applicable statutes including without limitation the Federal Rules of Evidence, the Federal Rules of Civil Procedure, etc.

5. "Confidential" and "Attorney's Eyes Only" materials shall be used only for the purpose of conducting discovery and preparing for the pre-trial and trial of this action.

6. "Confidential" and "Attorney's Eyes Only" materials or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access.

7. The signing of this Order or failure of a party, at the time it receives "Confidential" or "Attorney's Eyes Only" materials, to challenge or object to the "Confidential" or "Attorney's Eyes Only" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" or "Attorney's Eyes Only" designation at any later time.

In the event that any party desires to challenge at any time the designation of "Confidential" or "Attorney's Eyes Only" materials, the challenging party may seek appropriate relief from the Court.

8. "Confidential" or "Attorney's Eyes Only" materials shall not include any materials which:

   a. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

   b. Are not under law entitled to be treated as confidential;

   c. Are made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

   Notwithstanding the foregoing, however, compilations and/or summaries of materials may nonetheless be deemed and designated, in good faith, as "Confidential" or "Attorney's Eyes Only" and subject to this Order even though some of the materials contained in such compilations and/or summaries may have been produced to third parties on a non-confidential basis.

9. Any person, prior to receiving "Confidential" or "Attorney's Eyes Only" materials under Paragraphs 2(b), 2(c), 2(e) and 3, shall be furnished with a copy of this Order and shall acknowledge in writing that he or she has read this Order, understands it, and agrees to be bound by it. (See Exhibit A) Acknowledgment is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such "Confidential" or "Attorney's Eyes Only" material or to this Order, including any proceeding relating to the enforcement of this Order. Such acknowledgment must be

produced to the opposing party ten (10) business days prior to allowing such person to have access to "Confidential" or "Attorney's Eyes Only" materials.

10. If "Confidential" or "Attorney's Eyes Only" material is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every effort to prevent further disclosure.

11. Any person in possession of "Confidential" or "Attorney's Eyes Only" materials must exercise reasonable and appropriate care with regard to the storage, custody and use of "Confidential" and "Attorney's Eyes Only" materials in order to ensure that the confidential nature of the same is maintained.

12  Any party or non-party may designate depositions and other testimony (including exhibits) as "Confidential" or "Attorney's Eyes Only" by indicating on the record at the time the testimony is given or within ten (10) days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "Confidential" or "Attorney's Eyes Only."

13. Subject to any overriding rules imposed by the Court, all "Confidential" or "Attorney's Eyes Only" Material shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (I) the caption of this Action; (ii) the words AConfidential or Attorney's Eyes Only B Restricted Access According to Court Order@ as an indication of the content; and (iii) a statement in substantially the following form:

> This envelope, containing materials which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties.

6

        The Clerk of the Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as "Confidential" or "Attorney's Eyes Only" and filed in accordance with this Paragraph 12.

14. Within sixty (60) days of the final conclusion of this action, including any appeals, the original of all produced materials designated as "Confidential" or "Attorney's Eyes Only," and all copies thereof, shall be returned to the producing party (or, if the parties agree, destroyed), except that neither party shall be obliged to return any produced materials (or copies thereof) that were admitted into evidence at trial. The attorneys of record for each party shall be entitled to retain all pleadings, motion papers, discovery responses (other than other parties' produced materials containing "Confidential" or "Attorney's Eyes Only" material), deposition transcripts and exhibits, legal memoranda, correspondence and work product.

15. Any of the parties to this action can challenge the designation of materials as "Confidential" or "Attorney's Eyes Only" under this Order.

16. The inadvertent production of materials subject to the attorney-client privilege or work product doctrine will not waive the attorney-client privilege or the work product doctrine. In addition, the fact that a document or other material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document or other material which it believes may be subject to the attorney-client privilege or work product doctrine, or upon discovery by the receiving party that such document covered attorney-client privileged and/or work product doctrine may have been produced, the party receiving said document or material shall return it and all copies within three (3) business days to

the producing party. After the return of the document(s) or material(s), the receiving party may challenge the producing party's claim of attorney-client privilege and/or work product doctrine by making a motion to the Court.

17. The inadvertent failure of a party to designate material as "Confidential" or "Attorney's Eyes Only" shall not be a waiver of such designation provided that the party who fails to make such designation informs the receiving party that such material is "Confidential" or "Attorney's Eyes Only" within seven (7) days from when the failure to designate first becomes known to the producing party. The party receiving discovery material that the producing party inadvertently failed to designate as "Confidential" or "Attorney's Eyes Only" shall not be in breach of this Order for any use made of such material before the receiving party is informed of the inadvertent failure to designate.

18. Nothing in this Order shall bar or otherwise restrict any trial counsel or in house counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential" or "Attorney's Eyes Only" provided, however, that in rendering such advice and in otherwise communicating with his or her client, the trial counsel shall not disclose the content or the source of such materials contrary to the terms of this Order.

19. The provisions of this Order shall also apply to materials and deposition testimony produced by third parties in discovery in this action. Said third parties shall sign an Acknowledgment agreeing to be bound by this Order, and shall designate their materials and deposition testimony in accordance with the provisions of this Order.

20. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL, LLP | POTTER ANDERSON & CORROON LLP |
| By: */s/ Thomas C. Grimm* <br> Thomas C. Grimm (#1098) <br> 1201 N. Market Street <br> P. O. Box 1347 <br> Wilmington, DE 19899 <br> Tel: (302) 658-9200 <br> tgrimm@mnat.com | By: */s/ Richard L. Horwitz* <br> Richard L. Horwitz (#2246) <br> David E. Moore (#3983) <br> Hercules Plaza 6th Floor <br> 1313 N. Market Street <br> P.O. Box 951 <br> Wilmington, DE 19899 <br> Tel: (302) 984-6000 <br> rhorwitz@potteranderson.com <br> dmoore@potteranderson.com |
| OF COUNSEL: <br><br> Raymond P. Niro <br> Dean D. Niro <br> Patrick F. Solon <br> David J. Mahalek <br> Tahiti Arsulowicz <br> NIRO, SCAVONE, HALLER & NIRO <br> 181 W. Madison, Suite 4600 <br> Chicago, IL 60602 <br> Tel: (313) 236-0733 | OF COUNSEL: <br><br> Jonathan H. Margolies <br> Katherine W. Schill <br> Jacob E. Miota <br> MICHAEL BEST & FRIEDRICH LLP <br> 100 East Wisconsin Ave., Suite 3300 <br> Milwaukee, WI 53202-4108 <br> Tel: (414) 271-6560 |
| *Attorneys for Plaintiffs Kwikset Corporation and Newfrey LLC* | *Attorneys for Defendant Master Lock Company LLC* |

873972 / 32966

IT IS SO ORDERED, this _____ day of _____, 2008.

_____
Judge Robinson
United States District Judge

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KWIKSET CORPORATION and NEWFREY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 08-170-SLR ) ) **JURY TRIAL DEMANDED** |
| MASTER LOCK COMPANY LLC, | ) ) |
| Defendant. | ) |

### ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

I, _____ declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job title is _____.

4. I have received a copy of the Stipulated Protective Order filed in the above-entitled action, signed by the Court on _____, 2008.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I certify that I am eligible to have access to materials designated as Confidential and Attorney's Eyes Only under the terms of the Stipulated Protective Order; and if necessary thereunder, my curriculum vitae is attached hereto.

7. I agree to be bound by all provisions of the Stipulated Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any Confidential or Attorney's Eyes Only materials disclosed to me.

9.     I will return all Confidential or Attorney's Eyes Only materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained or from whom I received it at the conclusion of my retainer or at the final termination of the litigation.

10.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
Judge Robinson

873972 / 32966